**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| CONN APPLIANCES, INC., §<br>  Plaintiff, §<br> §<br>v. §<br> §    Civil Action No. 18-3087<br>JOHNNIE F. WILLIAMS, JR., §<br>  Defendant. §<br> § | |

**PLAINTIFF'S MOTION AND APPLICATION FOR RELIEF REGARDING
ARBITRATION AWARD WITH BRIEF IN SUPPORT**

                                                Michael A. Harvey
                                                Nolan C. Knight
                                                Christopher M. Jordan
                                                MUNSCH HARDT KOPF & HARR, P.C.
                                                700 Milam, Ste. 2700
                                                Houston, Texas 77002

# TABLE OF CONTENTS

Page(s)

TABLE OF CONTENTS ................................................................................................................ i

TABLE OF TABLE OF AUTHORITIES ..................................................................................... ii

I.     SUMMARY OF GROUNDS FOR RELIEF ...................................................................... 1

II.    PARTIES, JURISDICTION, AND VENUE ..................................................................... 2

III.   FACTUAL BACKGROUND ............................................................................................ 4

       A.    The Facts Giving Rise to Arbitration ..................................................................... 4

       B.    The Arbitration ....................................................................................................... 4

       C.    The Arbitration Award ........................................................................................... 5

IV.   THE IMPROPER FINAL AWARD MUST BE VACATED ........................................... 6

V.    CONCLUSION ................................................................................................................ 11

CERTIFICATE OF SERVICE. ................................................................................................... 11

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*ACA Int'l v. Fed. Communications Comm'n*,
   885 F.3d 687 (D.C. Cir. 2018) ............................................................................................. 7, 9

*Dominguez v. Yahoo, Inc.*,
   894 F.3d 116 (3d Cir. 2018) ..................................................................................................... 8

*Gary v. TrueBlue, Inc.*,
   17-CV-10544, 2018 WL 3647046 (E.D. Mich. Aug. 1, 2018) ................................................ 11

*Herrick v. GoDaddy.com LLC*,
   2018 WL 2229131 (D. Ariz. May 14, 2018) ........................................................................ 8, 10

*Marshall v. CBE Group, Inc.*,
   2018 WL 1567852 (D. Nev. Mar. 30, 2018) ....................................................................... 8, 10

*Moncrief Oil Intern. Inc. v. OAO Gazprom*,
   481 F.3d 309 (5th Cir. 2007) ..................................................................................................... 3

*Murchison Capital Partners, L.P. v. Nuance Communications, Inc.*,
   3:12-CV-04749-P, 2013 WL 12094168 (N.D. Tex. July 30, 2013) ......................................... 3

*Pinkus v. Sirius XM Radio, Inc.*,
   16 C 10858, 2018 WL 3586186 (N.D. Ill. July 26, 2018) ..................................................... 8, 9

*Sessions v. Barclays Bank Delaware*,
   2018 WL 3134439 (N.D. Georgia June 25, 2018) ................................................................ 8, 9

*Stolt-Nielsen S.A. v. AnimalFeeds International Corp.*,
   559 U.S. 662 (2010) ................................................................................................................... 6

*THI of New Mexico at Vida Encantada, LLC v. Lovato*,
   864 F.3d 1080 (10th Cir. 2017) ................................................................................................. 6

**Statutes**

9 U.S.C. § 9 ...................................................................................................................................... 3

9 U.S.C. § 10(a)(4) .................................................................................................................. 1, 3, 6

28 U.S.C. § 1331 ............................................................................................................................. 3

47 U.S.C. § 227 ................................................................................................................ 1, 2, 7, 11

By agreement, Plaintiff Conn Appliances, Inc. and Defendant Johnnie F. Williams, Jr. (collectively, the "Parties") placed the following restriction on the powers of an arbitrator who presided over a dispute between them: "The arbitrator may not award relief in a form or amount not allowed by law." Exhibit 1. There is no dispute the substantive "law" that governed the Parties' dispute was the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. (the "TCPA"), nor that under the TCPA, relief can be granted only upon a showing of expressly enumerated criteria.

Although Defendant Johnnie F. Williams, Jr. stipulated he could *not* prove one of the mandatory criteria, and Plaintiff Conn Appliances, Inc. independently demonstrated he could not do so—the arbitrator acted without regard to the mutually agreed upon restrictions placed on him by the Parties and awarded relief to Mr. Williams in a form and amount that contravene the terms of the TCPA. Plaintiff Conn Appliances, Inc. therefore moves to vacate the award pursuant to 9 U.S.C. § 10(a)(4).

## I.    SUMMARY OF GROUNDS FOR RELIEF

1)    Defendant Johnnie F. Williams, Jr. ("Williams") entered into a retail installment contract and arbitration agreement with Plaintiff Conn Appliances, Inc. ("Conn Appliances") dated November 29, 2015. The arbitration agreement provides that the FAA applies, and that any court of competent jurisdiction can enter judgment on the final award. The agreement also provides that "[t]he arbitrator may not award relief in a form or amount not allowed by law." Exhibit 1.

2)    Williams alleged that Conn Appliances violated the TCPA by (i) calling his cell phone, (ii) without his prior express consent, (iii) using an automatic telephone dialing system ("ATDS"). The TCPA mandates that Williams prove *each* of the three enumerated elements above.

3)  The TCPA defines an ATDS as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1)(A)–(B).  Williams was required to prove an ATDS was used by Conn Appliances as a threshold element of his TCPA claim.

4)  Williams conceded and stipulated at the arbitration that Conn Appliances' telephone system does *not* use a random or sequential number generator.  Conn Appliances independently and additionally demonstrated it did not use a random or sequential number generator or meet any mandatory criteria needed to show it used an ATDS.

5)  Conn Appliances and Williams agreed that federal substantive law applied to Williams' TCPA claims against Conn Appliances.  Prevailing case law across the nation enforces the TCPA's definition of ATDS as written and per its plain statutory language to hold that a device is not an ATDS unless it uses a random or sequential number generator.

6)  Nevertheless, the arbitrator disregarded the statute's requirement about "using a random or sequential number generator," the case law, Conn Appliances' evidence, and Williams' own stipulation that Conn Appliances did not use a random or sequential number generator to find that Conn Appliances used an ATDS in a Final Award dated August 31, 2018.  The Arbitrator's Award exceeds the mutually agreed upon restrictions placed on him by the contract and awards relief to Mr. Williams in a form and amount that contravenes the TCPA.

## II.   PARTIES, JURISDICTION, AND VENUE

7)  Plaintiff Conn Appliances, Inc. is a domestic for-profit corporation formed under the laws of Delaware with its principal office located at 2445 Technology Forest Blvd., The Woodlands, Texas 77381, which is within the Southern District of Texas.

8)  Defendant Johnnie F. Williams, Jr. is an individual residing in Cordova, Shelby County, Tennessee.  This court has personal jurisdiction over Williams because the cause of

action giving rise to his arbitration arose from and/or was directly related to his contacts with Texas. The crux of his lawsuit involved allegations about the telephone equipment Conn Appliances utilized to call him and the contact attempts between him and Conn Appliances. Most of the telephone call attempts from Conn Appliances to Williams were made from Texas, and Williams purposefully directed calls to and contact with Conn Appliances agents and representative located in Texas. In addition, Williams contracted with and financed goods and services from Conn Appliances, which is principally located in Texas. The lawsuit arose out of his contractual relationship with Conn Appliances and the calls that predominantly took place from or were made to Texas agents and representatives. *See Moncrief Oil Intern. Inc. v. OAO Gazprom*, 481 F.3d 309, 311 (5th Cir. 2007) ("A single act directed at the forum state can confer personal jurisdiction so long as that act gives rise to the claim asserted").

9) This Court has jurisdiction over this dispute based on federal question jurisdiction under 28 U.S.C. § 1331, as well as the terms of the Federal Arbitration Act (the "FAA"), 9 U.S.C. §§ 9, 10, which authorize a person to confirm or vacate an arbitration award in a court of competent jurisdiction.

10) Venue in this Court is proper because the venue provisions in the FAA are permissive; therefore, the FAA's venue provisions are deferential to the general venue mandates of 28 U.S.C. § 1391(b)(2). In addition, the parties' arbitration agreement states: "[j]udgment on the award may be entered in any court with jurisdiction." Exhibit 1; *See also Murchison Capital Partners, L.P. v. Nuance Communications, Inc.*, 3:12-CV-04749-P, 2013 WL 12094168, at *4 (N.D. Tex. July 30, 2013) (finding venue proper in Texas District Court for vacatur motion with same language present in arbitration agreement that also contained an exclusive forum selection clause for New York).

3

## III. FACTUAL BACKGROUND

### A. The Facts Giving Rise to Arbitration.

11) On November 29, 2015, Williams signed a retail installment contract with Conn Appliances that contained an arbitration agreement. Exhibit 1; Exhibit 2 at 399:21-400:8. Claimant purchased appliances on credit from Conn Appliances. Exhibit 1. In exchange for those appliances, Claimant agreed to make various monthly payments to Conn Appliances and further agreed that Conn Appliances could contact him if he missed a payment. Exhibit 1. Claimant, in fact, missed multiple payments, and Conn Appliances then attempted to contact him about his delinquent account. *See, e.g.*, Exhibit 2 at 402:24-405:14.

12) This case did not involve any telemarketing or solicitation calls. Instead, it involved call attempts Conn Appliances made to its customer, Williams, after he fell behind on his payments to Conn Appliances. Exhibit 2 at 7:8-8:9, 416:3-15, 436:5-10. Moreover, the calls were placed to Williams at the same number he provided on the retail installment contract he executed in connection with financing appliance and furniture purchases he made at Conn Appliances. Exhibit 1; Exhibit 2 at 7:8-8:9, 416:3-15, 436:5-10.

### B. The Arbitration.

13) On March 14, 2017, Williams initiated an arbitration against Conn Appliances before the American Arbitration Association ("AAA"), seeking statutory damages under the TCPA. Exhibit 3. Williams sought to recover over $1 million from Conn Appliances because it exercised its contractual right to contact Claimant about his delinquent account. Exhibit 4.

14) The parties presented their respective cases to the arbitrator on July 23, 2018. *See generally* Exhibit 2. The arbitrator closed the final hearing and the record on August 3, 2018. Exhibit 5. Williams alleged that Conn Appliances violated the TCPA by calling his cell phone using an ATDS without his prior express consent. Conn Appliances showed that Williams could

not meet his evidentiary burden because it did not use an ATDS and that Conn Appliances had Williams' prior express consent.

15) Prior to the hearing, Conn Appliances filed a dispositive motion on March 23, 2018, regarding whether it used an ATDS. Exhibit 6. In addition, Conn Appliances filed a prehearing brief to the arbitrator in advance of the arbitration on July 18, 2018. Exhibit 7. In both instruments, Conn Appliances set forth the TCPA's requirement that an ATDS use a random or sequential number generator. Exhibits 6, 7.

16) At the arbitration, Williams stipulated that Conn Appliances' telephone system did *not* use a random or sequential number generator. Exhibit 2 at 11:2-22, 90:17-91:5. Williams put on no evidence that Conn Appliances' telephone system was capable of or did use a random or sequential number generator. *See generally* Exhibit 2 and at 11:2-22, 90:17-91:5, transcript. Conn Appliances put on evidence and testimony that it did not use a random or sequential number generator. *See generally id.*; *see also* Exhibits 8-9.

17) Conn Appliances made a closing argument and post-hearing submissions of law clearly setting forth that the TCPA requires an ATDS to use a random or sequential number generator and the evidence presented showed it did not. Exhibit 2 at 486:21-523:10; Exhibits 10, 11. Williams maintained his stipulation that Conn Appliances did not use a random or sequential number generator. Exhibit 2 at 11:2-22, 90:17-91:5. Nevertheless, the arbitrator disregarded the law, the contracted for limits on his authority, Williams' stipulation, and the evidence to render an award finding that Conn Appliances used an ATDS and violated the TCPA.

**C.     The Arbitration Award.**

18) On August 31, 2018, the arbitrator issued his "Final Award" (the "Award"). *See* Exhibit 12, attached hereto. Despite the law requiring proof of an ATDS as defined by the TCPA (which requires the device randomly or sequentially generate numbers to be called), the parties

stipulating that Conn Appliances did not use a device that could randomly or sequentially generate numbers, and Conn Appliances independently proving it did not use a random or sequential number generator, the Arbitrator still found that Conn Appliances used an ATDS and awarded Defendant Williams damages. *See* Exhibit 12, attached hereto.

## IV. THE IMPROPER FINAL AWARD MUST BE VACATED.

19) The arbitrator exceeded his authority by failing to apply the TCPA's statutory definition of ATDS, case law holding the same, Williams' stipulation that Conn Appliances does not use a random and sequential number generator, and Conn Appliances' evidence of same.[1]

20) The arbitrator's conduct and findings in this matter violates the controlling legal proscriptions, and errors of this kind warrant vacating an award, because: "It is only when [an] arbitrator strays from interpretation and application of the agreement and effectively 'dispense[s] [his or her] own brand of industrial justice' that [his or her] decision may be unenforceable." *Stolt-Nielsen S.A. v. AnimalFeeds International Corp.*, 559 U.S. 662, 671 (2010). "In that situation, an arbitration decision may be vacated under § 10(a)(4) of the FAA on the ground that the arbitrator 'exceeded [his or her] powers,' for the task of an arbitrator is to interpret and enforce a contract, not to make public policy." *Id*.

21) The findings and damages the arbitrator awarded here are forbidden by the Parties' arbitration agreement. The Parties' agreement states: "The arbitrator may not award relief in a form or amount not allowed by law." Exhibit 1. Although Defendant Williams

---

[1] The foregoing authorities reflect in the most narrow sense of 9 U.S.C. § 10(a)(4), the arbitrator's error here was conduct in excess of his powers. Out of an abundance of caution, Conn Appliances alternatively notes a historical, and standalone ground to set aside an arbitration award premised on "manifest disregard of the law." *See Stolt-Nielsen S.A.*, 559 U.S. at 671. Whereas non-statutory challenges to an arbitration award no longer are permissible pursuant to United States Supreme Court precedent, there remains an open question whether the manifest disregard standard more properly should be understood as a "judicial gloss" on what otherwise should be deemed actions in excess of power within the meaning of § 10(a)(4). *Id*. at 672, n.3. In that regard, the arbitrator's actions here alternatively fit within the manifest disagreed framework, because Conn Appliances repeatedly directed the arbitrator to the legal precedent regarding ATDS and recovery under the TCPA—yet the arbitrator simply "refus[ed] to apply it." *Id.*

stipulated he could not prove one of the mandatory criteria under the TCPA, and Plaintiff Conn Appliances, Inc. independently demonstrated he could not do so—the arbitrator acted without regard to the mutually agreed upon restrictions placed on him by the Parties and awarded relief to Mr. Williams in a form and amount that contravene the terms of the TCPA. The contract does not allow the Arbitrator discretion on whether to apply the law; it mandates that he apply it within bounds.

22) To obtain any relief under the TCPA, Williams was required to prove three elements: (i) a cell phone was called, (ii) using an ATDS, and (iii) without the called party's prior express consent. 47 U.S.C. § 227(b)(1)(A). Here, there is no dispute over elements (i) and (iii).

23) Otherwise, the TCPA specifically defines an ATDS as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(b)(1)(A)–(B). Indeed, the statutes expressly requires proof that the equipment "us[e] a random or sequential number generator." *Id.*

24) In *ACA Int'l*, the D.C. Circuit vacated "all of the [Federal Communication Commission's ("FCC")] pronouncements as to the definition of 'capacity' as well as its descriptions of the statutory functions necessary to be an ATDS." *ACA Int'l v. Fed. Communications Comm'n*, 885 F.3d 687, 692 695, 703 (D.C. Cir. 2018). Specifically, the D.C. Circuit Court held that the FCC Orders were arbitrary and capricious in that certain language in the orders appeared to require random or sequential number generation, while at the same time other portions of the orders did not require it. *Id.* at 701-06. The result is that the definition of ATDS is now governed *solely* by the plain language of the TCPA, which clearly and

unequivocally **requires the telephone equipment at issue to store or produce telephone numbers to be called using a random or sequential number generator**.[2]

25) Following the D.C. Circuit, the Third Circuit Court of Appeals in *Dominguez v. Yahoo, Inc.*, held that equipment does not qualify as an ATDS unless it has the "present capacity" to "**generat[e] random or sequential telephone numbers and dial[…] those numbers**." *Dominguez v. Yahoo, Inc.*, 894 F.3d 116, 121 (3d Cir. 2018) (emphasis added). The Third Circuit explained that a plaintiff bringing an action under the TCPA must prove that the dialing equipment used to contact his cellular phone number "had the *present capacity* to function as an autodialer." *Id.* at 118-19 (emphasis added). Dominguez failed to meet that burden because he did not produce any admissible evidence indicating Yahoo's equipment could, without significant modifications, "generat[e] random or sequential numbers and dial those numbers." *Id.* at 121. Instead, the admissible evidence showed Yahoo "sent messages only to numbers that had been individually and manually inputted into its system by a user." *Id.* Given Dominguez's complete failure of proof on this essential element of his claim, the Third Circuit affirmed a summary judgment in favor of Yahoo. *Id.*

26) Likewise, and as of July 26, 2018, the Northern District of Illinois also rejected all of the FCC's prior orders, and its interpretations of whether even a "predictive dialer" is an ATDS. *See Pinkus v. Sirius XM Radio, Inc.*, 16 C 10858, 2018 WL 3586186, at *6 (N.D. Ill. July 26, 2018). The court held: "*ACA International* necessarily invalidated the 2003 Order and 2008 Declaratory Ruling insofar as they provide, as did the 2015 Declaratory Ruling, that a

---

[2] *See Marshall v. CBE Group, Inc.*, 2018 WL 1567852, at *5 (D. Nev. Mar. 30, 2018) ("In light of this ruling, the Court will not stray from the statute's language ...." (footnote omitted)). *Herrick v. GoDaddy.com LLC*, 2018 WL 2229131, at *8 (D. Ariz. May 14, 2018) ("As a result of the D.C. Circuit's holding on this issue, this Court will not defer to any of the FCC's 'pertinent pronouncements' ...."); *Sessions v. Barclays Bank Delaware*, 2018 WL 3134439 at p. *4 (N.D. Georgia June 25, 2018) (applying plain language of the Act, as opposed to past FCC regulations because "the D.C. Circuit clearly held that it invalidated *all* of the FCC's pronouncements as to the definition of "capacity" as well as its descriptions of the statutory functions necessary to be an ATDS").

predictive dialer qualifies as an ATDS even if it does not have the capacity to generate phone numbers randomly or sequentially and then to dial them." *Id.* The court further stated: "*ACA International* invalidated not only the 2015 Declaratory Ruling's interpretation of the statutory term ATDS, but also the 2008 Declaratory Ruling's and 2003 Order's interpretation of that term." *Id.* And again the court held: "It necessarily follows that *ACA International* invalidates not only the 2015 Declaratory Ruling's understanding that all predictive dialers qualify as ATDSs, but also the 2003 Order and 2008 Declaratory Ruling to the extent they express the same understanding." *Id.* Finally, the court drove home the point that the statutory language is plain, clear, and should be enforced as such: "Because the phrase '**using a random or sequential number generator'** refers to the kinds of 'telephone numbers to be called' that an ATDS must have the capacity to store or produce, **it follows that that phrase is best understood to describe the process by which those numbers are generated in the first place**." *Id.* at 8 (emphasis added).

Similarly, the Northern District of Georgia explained thoroughly that the D.C. Circuit vacated all of the FCC's prior orders and guidance and that only the plain language of the statue remains:

> Plaintiffs have suggested by way of their supplemental authority that the FCC's prior rulings, such as the 2003 Order, remain valid.
> . . .
> The Court agrees with the former position. Contrary to the pronouncement of [a Florida district court], **the D.C. Circuit clearly held that it invalidated all of the FCC's pronouncements as to the definition of "capacity" as well as its descriptions of the statutory functions necessary to be an ATDS.** Indeed, the FCC specifically challenged the D.C. Circuit's jurisdiction to review its 2003 and 2008 orders in *ACA International*. *See* 885 F.3d at 701. The FCC argued that "because there was no timely appeal from those previous orders, it [was] too late now to raise a challenge by seeking review of a more recent declaratory ruling that essentially ratifie[d] the previous ones." *Id*. The D.C. Circuit disagreed. It held that the FCC's prior rulings were reviewable on two grounds because the 2015 Declaratory Ruling purported to clarify the definitions of its previous orders

9

and also denied petitions for rulemaking on the issue of ATDS functions. *Id*. And in reviewing the FCC's descriptions of the functions a device must perform to be an ATDS, the D.C. Circuit relied on the FCC's prior orders that "had said the same" as the two competing views present in the 2015 Declaratory Ruling. *See id.* at 703. The D.C. Circuit "set aside the [FCC's] treatment of those matters" without qualification. *Id*. **As a result, the Court finds that the FCC's prior orders with regard to interpretations of "capacity" and descriptions of the statutorily enumerated functions a device must perform to be an ATDS were vacated in ACA International.**

*Sessions v. Barclays Bank Delaware*, 1:17–CV–01600–LMM, 2018 WL 3134439 at *4-5 (N.D. Ga. June 25, 2018) (emphasis added).

27) At least three other federal district courts have reached the same result—that the prior FCC orders are all defunct **and only the plain, statutory language requiring use of a random or sequential number generator is controlling**. The *Marshall* court held that it would "not stray from the statute's language which 'mandates that t**he focus be on whether the equipment has the *capacity* to store or produce telephone numbers to be called, using a random or sequential number generator**." *See Marshall v. CBE Group, Inc.*, 2:16–cv–02406, 2018 WL 1567852 (D. Nev. March 30, 2018) (emphasis added). Similarly, the *Herrick* court found that all FCC orders on ATDS were defunct, and the statute's plain language prevails and requires use of a random or sequential number generator. *See Herrick v. GoDaddy.com*, No. CV-16-00254, 2018 WL 2229131 at *8 (D. Ariz. May 14, 2018) ("Indeed, in light of the ACA Int'l decision, this Court declines to apply such a broad interpretation of this function. Broadening the definition of an ATDS to include any equipment that merely stores or produces telephone numbers in a database would improperly render the limiting phrase '**using a random or sequential number generator**' superfluous.") (emphasis added). In *Gary v. TrueBlue, Inc.*, the court found that the FCC orders were vacated, it must examine only the statutory language, and that the plaintiff could not prevail because he did not offer any proof of the telephone equipment

10

at issue using a random or sequential number generator. *See Gary v. TrueBlue, Inc.*, 17-CV-10544, 2018 WL 3647046, at *8 (E.D. Mich. Aug. 1, 2018).

28) Here, the statute and prevailing case law require use of a random or sequential number generator. At the arbitration, Williams' stipulated Conn Appliances' telephone equipment **does not** make use of any random or sequential number generator. Exhibit 2 at 11:2-22, 90:17-91:5. Williams admitted and agreed that Conn Appliances only called Williams because he was a customer who gave his phone number to Conn Appliances to be called. Exhibit 2 at 7:8-8:9, 416:3-15, 436:5-10. Conn Appliances put on evidence at the hearing to confirm this stipulation—it does not use a random or sequential number generator and did not do so to call Williams. *See generally* Exhibit 2; *see also* Exhibits 8-11. Nevertheless, the arbitrator disregarded the law, the power delegated to him, the stipulation, and the evidence to find that Conn appliances used an ATDS and, therefore, violated the TCPA. Exhibit 12, final award.

29) The arbitrator's finding was in error and exceeded the mutually agreed upon restriction placed on him by the Parties' arbitration agreement, which states: "The arbitrator may not award relief in a form or amount not allowed by law." Exhibit 1. He violated this restriction by issuing an Award despite the TCPA mandate that recovery is allowed only if an ATDS was used, which in turn requires proof a random or sequential number generator was used to store or produce telephone numbers to be called. 47 U.S.C. § 227(a)(1)(A)–(B). Williams stipulated he could not prove that element, and Conn Appliances independently demonstrated he could not do so. *See* Exhibit 2. Thus, Conn Appliances respectfully requests this Court vacate the Award.

## V. CONCLUSION

WHEREFORE, Plaintiff Conn Appliances, Inc. respectfully requests this Court vacate all portions of the Final Award granting damages, costs, and fees to Williams; find herein or remand

11

to the arbitrator to re-designate Conn Appliances as the prevailing parties entitled to all relief that flows therefrom; and grant Conn Appliances all other relief to which they may be entitled.

September 4, 2018						Respectfully submitted,

/s/ *Michael A. Harvey*
Michael A. Harvey,
  TX 00797164
Nolan C. Knight
  TX 24027125
Christopher M. Jordan
  TX 24087817
MUNSCH HARDT KOPF & HARR, P.C.
700 MILAM, STE. 2700
HOUSTON, TEXAS 77002
Email: mharvey@munsch.com
E-mail: nknight@munsch.com
E-mail: cjordan@munsch.com
Telephone: (713) 222-1470
Facsimile: (713) 222-1475

**COUNSEL FOR PLAINTIFF CONN APPLIANCES, INC.**

## CERTIFICATE OF SERVICE

      I hereby certify that, on September 4, 2018, a true and correct copy of the foregoing was served upon the following counsel of record pursuant to the Federal Rules of Civil Procedure:

Frank Kerney
MORGAN & MORGAN
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602

                                                  /s/ *Christopher M. Jordan*
                                                  Christopher M. Jordan