## AMERICAN ARBITRATION ASSOCIATION

JOHNNIE WILLIAMS, JR.,

    Claimant,

-vs-                                            CASE NO.: 01-17-0001-5149

CONN APPLIANCES, INC.,

    Respondent.

_____/

## AWARD

I, David J. Harris, THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the arbitration agreement between the above-named parties, having been duly appointed, having heard the proof and arguments of the parties at an in-person hearing in Memphis, Tennessee on July 23-24, 2018, with Claimant represented by Octavio Gomez, Shaughn Hill and Frank H. Kerney, III of Morgan & Morgan, P.A., and with Respondent represented by Stefanie H. Jackman and Daniel Delnero of Ballard Spahr, LLP and Eric J. Troutman of Womble, Bond and Dickinson, LLP, and having considered the parties' pre- and post-hearing submissions, in accordance with the Consumer Rules of the American Arbitration Association, do hereby AWARD as follows:

    1.    Claimant Johnnie Williams, Jr. entered into Retail Installment Contract and Security Agreements on August 31, 2015 and November 29, 2015 with Respondent Conn Appliances, Inc. for the purchase of home electronics and furnishings. Said agreements expressly state that the buyer consents to telephone contact from Conn Appliances using an automatic dialing system for each telephone number provided.

2. Mr. Williams defaulted in his obligations to make payments due to Conn Appliances beginning in March 2016. As a result, Conn Appliances initiated telephone collection calls to Claimant's cell phone over a number of months until January 2017.

3. On January 26, 2017, Johnnie Williams, Jr. filed suit against Conn Appliances, Inc. in the United States District Court for the Western District of Tennessee, Western Division, Case No. 2:17-cv-02052 alleging violations of the Telephone Consumer Protection Act, 47 USC §227, *et. seq.* ("TCPA"). The District Court case was dismissed on March 3, 2017, and the claims asserted in said case were submitted to arbitration on March 14, 2017.

4. This matter is therefore before the undersigned Arbitrator on the claim of Johnnie Williams, Jr. that Conn Appliances, Inc. violated the Telephone Consumer Protection Act, by calling his cell phone using an automatic telephone dialing system ("ATDS") after Claimant revoked consent.

5. Whether a telephone system of the type used by Respondent in a debt collection campaign constitutes an ATDS and subject to the TCPA is a matter of dispute in extensive litigation in courts and in numerous arbitration proceedings throughout the country. Tribunals have reached differing conclusions based upon the facts presented, expert opinions offered, and interpretation of applicable law and rulings. Based upon the proof presented in this case, the Arbitrator finds that the system used by Respondent to call Claimant was an ATDS.

6. In this case, the Claimant authorized Respondent to contact him by telephone pursuant to the parties' agreements. However, a called party may revoke consent at any time and through any reasonable means, including orally or in writing, that clearly expresses a desire not to receive further messages. In the suit filed by Claimant referenced above, Claimant alleged he revoked his previous consent to contact him on the phone involved in the calls at issue in

September 2016. However, based upon the totality of the evidence presented, including the transcripts of calls, Claimant did not clearly withdraw his consent and express his desire not to receive any further calls until October 14, 2016. The parties have jointly submitted call counts reflecting 431 collection calls made by Conn Appliances to Claimant's cell phone after that date.

7. As a consequence of the withdrawal of consent, Respondent violated the TCPA as to the 431 calls it placed to Claimant after October 14, 2016. Pursuant to 47 USC §227(b)(3), Claimant is therefore entitled to recover $500 per violation for the 431 collection calls placed to his phone by Conn Appliances after October 14, 2016 for a total of $215,550. Claimant's demand for additional damages is denied.

8. Claimant is hereby awarded a total of $215,550.

9. The administrative fees of the American Arbitration Association (AAA) totaling $2,400 shall be borne as incurred, and the compensation of the Arbitrator totaling $3,750 shall be borne as incurred.

10. Respondent has thirty (30) days from the date of this Award to deliver the awarded funds to Claimant.

11. This Award is in full settlement and resolution of all claims and counterclaims submitted in this arbitration. All claims not expressly granted are hereby denied.

Dated: September 4, 2018

_David J. Harris, Arbitrator_