UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

**CONN APPLIANCES, INC.**,

    Plaintiff,   Case No.: **4:18-cv-03087**

v.

**JOHNNIE F. WILLIAMS, JR.**,

    Defendant.
_____/

**DEFENDANT'S MOTION TO DISMISS (WITH INCORPORATED MEMORANDUM OF LAW) FOR LACK OF PERSONAL JURISDICTION, FOR IMPROPER VENUE, AND FOR INSUFFICIENT SERVICE**

**TABLE OF CONTENTS**

**Page(s)**

| | | |
|---|---|---|
| I. | TABLE OF CONTENTS.................................................................................................i |
| II. | TABLE OF AUTHORITIES ...................................................................................ii, iii |
| III. | INTRODUCTION .........................................................................................................1 |
| IV. | MEMORANDUM OF LAW IN SUPPORT OF DISMISSAL ...............................4 |
| | a.  Standard of Review.....................................................................................4 |
| V. | ARGUMENT .................................................................................................................4 |
| | a.  A. Williams Is Not Within Reach of Texas's Long-Arm Jurisdiction Statute.......................................................................................................... 5 |
| | b.  B. Williams Has Not Established Sufficient Contracts with Texas to Give Rise to General or Specific Jurisdiction ........................................................6 |
| | c.  C. Venue is Not Proper in this Judicial District ...........................................9 |
| | d.  D. Williams Has Not Been Properly Served............................................... 10 |
| VI. | CONCLUSION ........................................................................................................... 10 |
| VII. | CERTIFICATE OF SERVICE................................................................................... 12 |

**TABLE OF AUTHORITIES**

**Cases**                                                                  **Page(s)**

*Asahi Metal Indus. Co. v. Superior Court.*
    480 U.S. 102 (1987) .................................................................................................. 9

*Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*,
    137 S. Ct. 1773 (2017) ............................................................................................... 7

*Burger King Corp. v. Rudzewicz,*
    471 U.S. 462, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985) ..................................... 5-6

*Companion Prop. & Cas. Ins. Co.* v. *Palermo*,
    23 F.3d 557 (5th Cir. 2013).................................................................................. 5, 6

*Cunningham v. Florio,*
    2018 U.S. Dist. LEXIS 159203 (E.D. Texas Aug. 6, 2018) .............................. 4, 5

*Freudensprung v. Offshore Technical Servs., Inc.*,
    379 F.3d 327 (5th Cir. 2004) .................................................................................. 6

*Goldlawr, Inc. v. Heinman*,
    369 U.S. 463 (1962) ................................................................................................. 9

*Helicopteros Nacionales de Colombia, S.A. v. Hall,*
    466 U.S. 408 (1984) ................................................................................................. 7

*Johnson v. Drake*,
    No. 3:16-CV- 1993-L, 2017 WL 1173275 (N.D. Tex. Mar. 30, 2017) ............... 10

*Jones v. Artists Rights Enf't Corp.*,
    No. 6:18-cv-00031-RWS, 2018 WL 4253102 (E.D. Tex., Sept. 6, 2018) ......... 7, 9

*Lahman v. Nationwide Provider Sols*,
    No. 4:17-cv-00305, 2018 WL 3035916, (E.D. Tex. June 19, 2018) ..................... 4

*Lewis v. Fresne*,
    252 F.3d 352 (5th Cir. 2001) .................................................................................. 6

*Meyer v. Mendelson*,

No. 3:05-CV-1344-M, 2006 WL 66707, at *3 (N.D. Tex. Jan. 11, 2006) ............ 5

*Moncrief Oil Int'l, Inc. v. OAO Gazprom*,

    481 F.3d 309 (5th Cir. 2007) ................................................................................ 7

*Paz v. Brush Engineered Materials, Inc*.,

    445 F.3d 809, 812 (5th Cir. 2006). ....................................................................... 4

*Revell v. Lidov*,

    317 F.3d 467, 469 (5th Cir. 2002). ....................................................................... 5

*Seiferth v. Helicopteros Atuneros, Inc*.,

    472 F.3d 266, 271 (5th Cir. 2006) ................................................................... 5, 6

**Statutes**

47 U.S.C. § 227 ............................................................................................................... 1

28 U.S.C. § 1331 ....................................................................................................... 3, 10

28 U.S.C. § 1391 ....................................................................................................... 3, 10

9 U.S.C. § 9 ...................................................................................................................... 3

Texas Stat. § 17.041 ................................................................................................... 3, 5

Texas Stat. § 17.042 ................................................................................................... 3, 5

28 U.S.C. § 1332 .............................................................................................................. 4

28 U.S.C. § 1406(a) ...................................................................................................... 10

## INTRODUCTION

Defendant, JOHNNIE F. WILLIAMS, JR. (herein "Defendant" or "Williams"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 12(b), moves for an order dismissing this matter, having commenced upon *Plaintiff's Motion and Application for Relief Regarding Arbitration Award with Brief in Support* [Doc. 1], for lack of personal jurisdiction, for improper venue, and for insufficient service, as follows:

1. On November 29, 2015, the parties entered into a *Retail Installment Contract and Security Agreement* ("Contract") for goods sold and purchased at a retail location in Tennessee, at Austin Peay Plaza, Memphis, Tennessee, 38128. See Doc. 1-1.

2. The Contract provides that it "shall be governed by the laws of the State of Tennessee and applicable federal law." Doc. 1-1 at 3 ("MISCELLANEOUS").

3. The Contract includes an Arbitration Clause that says it "shall be governed by the Federal Arbitration Act, and not by any state law that might otherwise apply." Doc. 1-1 at 3 ("ARBITRATION CLAUSE").

4. Williams is a natural person residing in Shelby County, Tennessee, and has continuously resided in Shelby County, TN, since the parties entered into the Contract. See Exhibit A (Complaint); Doc. 1, ¶ 8; Doc. 1-1 at 2; Doc. 1-2 at 26 (Transcript page 97; lines 15-16 and page 109; lines 8-15).

5. Plaintiff is a domestic for-profit corporation formed under the laws of Delaware with its principal office located in Woodlands, Texas. Doc. 1, ¶ 7.

6. On January 26, 2017, in the United States District Court for the Western District of Tennessee (Case No. 2:17-cv-02052), Williams filed a Complaint against Plaintiff (therein Defendant) alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA") (the "Dispute"). See Exhibit A (Complaint).

1

7. On March 14, 2017, the Dispute was submitted to the AAA pursuant to the Contract's Arbitration Clause. See Doc. 1-3 at 2; Doc. 1-1 at 3. In contemplation of the foregoing and at the request of Plaintiff's counsel (Stefanie Jackman, Esq.), Williams precedingly filed a *Notice of Voluntary Dismissal Without Prejudice* in the United States District Court for the Western District of Tennessee and the matter was dismissed without prejudice. See Exhibit B (E-mail from Stefanie Jackman, Esq. dated 2/10/17); Exhibit C (Notice), and; Exhibit D (Order).

8. On July 23, 2018, a final hearing on the Dispute commenced before the AAA in Shelby County, Tennessee, by arbitrator David J. Harris. The arbitration was held in Shelby County, TN, because it is where Williams resides and the Contract requires any arbitration hearing to take place near his residence. See Doc. 1-2 at 2-3; Doc. 1-1 at 3.

9. The arbitration hearing closed as of August 3, 2018. See Doc. 1-5.

10. On September 4, 2018, the duly-appointed arbitrator entered an Award in favor of Williams. See Doc 1-12.

11. On September 4, 2018, Williams filed a *Motion to Confirm Arbitration Award* in the United States District Court for the Western District of Tennessee (Case No. 2:17-cv-02052) ("Tennessee Court"). See Exhibit E (Motion) and Exhibit F (Notice of Electronic Filing).

12. On September 4, 2018, within minutes (at approximately 1:20 p.m. EST) of Williams moving to confirm the Award (at approximately 2:05 p.m. EST) and unbeknownst to Williams at the time, Plaintiff moved to vacate the Award in this Court. See Doc. 1 and Exhibit G (Notice of Electronic Filing).

13. The parties' Contract provides that a judgment on the Award may be entered in any court with jurisdiction. See Doc. 1-1 at 3.

14. The Tennessee Court has federal-question jurisdiction pursuant to 28 U.S.C. § 1331 because the claim arose under the TCPA, a federal statute.

15. Venue is proper in the Western District of Tennessee because a substantial part of the events giving rise to the Dispute occurred in that judicial district. See Exhibit A (Complaint).

16. On September 10, 2018, the Tennessee Court entered a *Judgment* on the Award in accordance with the Court's *Order Approving Arbitration Award and Dismissing the Case* ("Order"). See Exhibit H (Order) and I (Judgment), respectively.

17. In its Order, the Tennessee Court found that it retained jurisdiction over the Dispute pursuant to 28 U.S.C. § 1331 and that venue was proper under 28 U.S.C. § 1391. See Exhibit H (Order).

18. On September 14, 2018, Plaintiff moved the Tennessee Court to vacate the judgment and to abate action pursuant to the "first-to-file" rule. See Exhibit J (Motion).

19. On September 26, 2018, the Tennessee Court granted Plaintiff's motion to vacate judgment in order to allow Plaintiff an opportunity to submit a response but deferred its ruling on abating the action pursuant to the "first-to-file" rule. See Exhibit K (Order).

20. Williams has not been properly served in accordance with § 9 U.S.C. 9.

21. Williams is not amenable to process in this state because the TCPA does not provide for nationwide service and Williams is neither a resident of this state, nor a non-resident doing business in this state as defined by this state's Long-Arm Jurisdiction statute. See §§ 17.041, 17.042, Texas Stat. (2018).

22.     This Court does not have personal jurisdiction over Williams because he is not within reach of this Long-Arm Jurisdiction statute and has not otherwise established sufficient contacts with this state to give rise to general or specific jurisdiction.

23.     Venue is not proper in this judicial district because Williams does not reside in Texas and the events giving rise to the Dispute did not occur in this judicial district.

24.     Fed. R. Civ. P. 12(b)(2) requires a court to dismiss a claim if the court does not have personal jurisdiction over the defendant.

25.     For the reasons set forth above and discussed below, this matter must be dismissed because this Court lacks personal jurisdiction over Williams and because venue is improper in this judicial district.

## MEMORANDUM OF LAW IN SUPPORT OF DISMISSAL

### STANDARD OF REVIEW

Fed. R. Civ. P. 12(b)(2) requires a court to dismiss a claim if the court does not have personal jurisdiction over the defendant.  Cunningham v. Florio, 2018 U.S. Dist. LEXIS 159203 at 11 (E.D. Texas August 6, 2018).  "After a non-resident defendant asserts a lack of personal jurisdiction, it is the plaintiff's burden to establish that *in personam* jurisdiction exists." Lahman v. Nationwide Provider Sols., No. 4:17-cv-00305, 2018 WL 3035916, at 4 (.E.D. Tex. June 19, 2018).  In diversity cases arising under 28 U.S.C. § 1332, the exercise of personal jurisdiction over a non-resident defendant must comport with both federal constitutional due process requirements and the long-arm statute of the forum state.  See Paz v. Brush Engineered Materials, Inc., 445 F.3d 809, 812 (5th Cir. 2006).  Because this state's long-arm statue extends to the limits of due process, that inquiry collapses into one federal due process analysis.  See Johnston v.

4

Multidata Systems Int'l Corp., 523 F.3d 602, 609 (5th Cir. 2008).  As a framework for the analysis, the court considers: (1) whether the defendant has minimum contacts with the forum state; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.  See Seiferth v. Helicopteros Atuneros, Inc., 472 F.3d 266, 271 (5th Cir. 2006).  "In considering a motion to dismiss for lack of personal jurisdiction, a district court may consider affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery."  See Revell v. Lidov, 317 F.3d 467, 469 (5th Cir. 2002).  Conclusory allegations, alone, do not satisfy plaintiff's burden of demonstrating personal jurisdiction over a non-resident defendant.  See, e.g., Meyer v. Mendelson, No. 3:05-CV-1344-M, 2006 WL 66707, at *3 (N.D. Tex. Jan. 11, 2006).

## ARGUMENT

### Williams is Not Within Reach of Texas's Long-Arm Jurisdiction Statute.

Defendant is not within reach of this state's long-arm jurisdiction statute because he is neither a resident of Texas, nor a non-resident doing business in this state as defined by Texas's Long-Arm Jurisdiction statute.  See §§ 17.041, 17.042, Texas Stat. (2018).  This state's long-arm statue imposes the same requirements as the due process requirements set forth in U.S. Constitution.  See *Companion Prop. & Cas. Ins. Co.* v. *Palermo*, 23 F.3d 557, 559 (5th Cir. 2013).  Moreover, the TCPA does not provide for nationwide service.  Cunningham v. Florio, 2018 U.S. Dist. LEXIS 159203 at 13-17 (E.D. Texas August 6, 2018).  In other words, Defendant is not amenable to process in this state.  To invoke this Court's jurisdiction, Plaintiff must show Defendant established minimum contacts with this state and that the exercise of jurisdiction comports with "fair play and substantial justice."  See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475-

5

76, 105 S. Ct. 2174, 2183-85, 85 L. Ed. 2d 528 (1985).  And the "minimum contacts' necessary to create specific jurisdiction – the kind Plaintiff contends – must arise out of contacts Defendant *himself* created with this state.  *Id.* at 475.

## Williams has Not Established Sufficient Contacts with Texas to Give Rise to General or Specific Jurisdiction.

There are two kinds of minimum contacts with a forum state – those giving rise to general jurisdiction and those giving rise to specific jurisdiction.  See Lewis v. Fresne, 252 F.3d 352, 358 (5th Cir. 2001).  General jurisdiction exists when a defendant has continuous, systematic, and substantial presence in the forum state. *Companion Prop. & Cas. Ins. Co.* v. *Palermo*, 23 F.3d 557, 559 (5th Cir. 2013).  Specific jurisdiction exists when a cause of action grows out of, or relates to, a contact between the defendant and the forum state.  See Seiferth v. Helicopteros Atuneros, Inc., 472 F.3d 266, 271 (5th Cir. 2006).  Because Plaintiff does not contend Defendant's contacts with this state give rise to general jurisdiction, this Motion does not discuss general jurisdiction except to deny that Defendant's contacts with this state give rise thereto.  Defendant reserves the right to address the issue if Plaintiff should be permitted to augment its jurisdictional claims.

Here, Plaintiff contends this Court has personal jurisdiction over Defendant "because the cause of action giving rise to his arbitration arose from and/or was directly related to his contacts with Texas." Doc. 1 at 6.  To exercise specific jurisdiction over a non-resident defendant, the court must determine whether the defendant purposefully directed its activities toward the forum state, or of the privileges of conducting activities there, and whether the controversy arises out of, or relates to, the non-resident defendant's conduct with the forum state.  See Freudensprung v. Offshore Technical Servs., Inc., 379 F.3d 327, 343 (5th Cir. 2004).  Plaintiff must make a *prima facie* showing of minimum contacts when the claim arises from the defendant's contact with the forum state.  See

Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408 (1984). This Court cannot exercise specific jurisdiction over Defendant unless his activities were *purposefully* directed to Texas and the litigation resulted from alleged injuries that arise from or relate to those activities. See, Id. at 311. Contacts that are "random, fortuitous, or attenuated" do not satisfy the minimum contacts requirement. See Moncrief Oil Int'l, Inc. v. OAO Gazprom, 481 F.3d 309, 311 (5th Cir. 2007). Instead, there must be "a connection between the forum and the specific claims at issue." See Jones v. Artists Rights Enf't Corp., No. 6:18-cv-00031-RWS, 2018 WL 4253102, at *4 (E.D. Tex., 2018) (citing Bristol-Myers Squibb Co. v. Superior Court of California, San Franscisco Cty., 137 S. Ct. 1773, 1781 (2017)). Here, such a connection is clearly lacking.

Plaintiff argues that Defendant "contracted with and financed goods and services from Conn Appliances, which is principally located in Texas" and that he "purposefully" directed calls to Plaintiff's agents and representatives in this state. See Doc. 1, ¶ 8. First, the parties entered into the Contract in Tennessee for goods at Plaintiff's retail location in Memphis, Shelby County, Tennessee. See Doc. 1-1. The Contract expressly states that it "shall be governed by the laws of the State of Tennessee and applicable federal law." Doc. 1-1 at 3. Second, Defendant resides in Tennessee. Thus, it would not be foreseeable to Defendant that he would be haled into a court in Texas when the goods were purchased at store in his resident State of Tennessee where the parties entered into the Contract to be governed by the laws of Tennessee and applicable federal law. And "the foreseeability that is critical to due process analysis . . . is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." See Jones at 5. See Exhibit A (Complaint); Doc. 1, ¶ 8; Doc. 1-1 at 2; Doc. 1-2 at 26 (Transcript page 97; lines 15-16 and page 109; lines 8-15. Third, as it relates to the

underlying dispute, Plaintiff called a Tennessee cellular telephone (area code 901) belonging to Defendant. See Doc 1-2, at 28 (Transcript page 102; lines 15-24). Fourth, as shown in Williams' third-party wireless carrier records admitted as Exhibit 7 during the arbitration proceedings, Plaintiff called Defendant from various local Tennessee telephone numbers, including (901) 563-1941; (901) 617-0611; (901) 563-0447; (901) 563-2976; (901) 609-8402; (901) 610-0940; (901) 617-0697; (901) 617-0699; (901) 563-1991; (901) 610-0982; (901) 617-0551; (901) 617-0692; (901) 617-0694; (901) 602-3384; (901) 563-1268; (901) 504-4814; (901) 563-2602; (901) 563-1412; (901) 602-3490; (901) 617-0641; (901) 584-0793; (901) 584-0295; (901) 584-0797; (901) 584-0798; (901) 584-0799; (901) 584-0801; (901) 584-0802; (901) 584-0803; (901) 584-0804; (901) 584-0817; (901) 584-0818; (901) 584-0820; (901) 584-0821; (901) 584-0823; (901) 584-0824; (901) 584-0825; (901) 584-0800; (901) 584-0819; (901) 584-0822; (901) 584-0826; (901) 586-2116; (901) 586-2117; (901) 586-2118; (901) 586-2119; (901) 586-2120; (901) 586-2121; (901) 586-2123; (901) 620-4976. Plaintiff also called Defendant from various toll-free (or "800") numbers, though the origination of those numbers would be unknown to a party receiving a call from an "800" area code. Thus, Defendant could not have *purposefully* directed any communications to any state in which those telephone numbers might have originated. Fifth, the parties' arbitration hearing was held in Shelby County, Tennessee, as mandated by their Contract in that any dispute (as defined in the Arbitration Clause) must be held near Defendant's residence. See Doc. 1-2 at 2-3; Doc. 1-1 at 3. And the Award was entered in Shelby County, Tennessee. See Doc 1-12 (Award).

The mere fact that Plaintiff's retail chain is *headquartered* in Texas does not create a *connection* between Defendant and the State of Texas. Even if calls from

Plaintiff's toll-free ("800") numbers (or those bearing a local Tennessee area code) initiated in Texas, those actions are not at the root of the underlying controversy. And contrary to Plaintiff's suggestion, calls made by Defendant certainly do not constitute activity from which the litigation resulted. Instead, the root of the dispute is that Plaintiff violated Defendant's privacy rights and caused him injury by calling Defendant's *cellular telephone* (located in and subscribed to by a person residing in Tennessee) using a *type of equipment* that requires the called party's consent – consent Plaintiff did not have. Plaintiff cannot make a *prima facie* showing of minimum contacts as the claim does not arises from Defendant's contact with the forum state. Because Defendant has not *purposefully* directed his activities to Texas and because there is no connection between the forum and the *specific* claims at issue, this Court cannot exercise specific jurisdiction over a non-resident defendant. See, e.g., Jones v. Artists Rights Enf't Corp. No. 6:187-cv-00031-RWS, 2018 WL 4253102 (E.D. Tex. 2018). An assumption of jurisdiction over Defendant would offend traditional notions of fair play and substantial justice and be inconsistent with due process of law. "The unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders." *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 109 (1987).

**Venue is Not Proper in this Judicial District.**

Venue is not proper in this judicial district because Williams does not reside in Texas and the events giving rise to the dispute did not occur in this judicial district. When a matter is filed in the wrong district, a court shall dismiss the matter upon timely objection or, if in the interest of justice, the court may transfer the matter to a district in which it could have been brought. See 28 U.S.C. §1406(a). See Goldlawr, Inc. v.

9

Heinman, 369 U.S. 463, 467 (1962). Instead, venue is proper in the Western District of Tennessee because a substantial part of the events giving rise to the dispute occurred in that judicial district. See Exhibit A (Complaint); 28 U.S.C. § 1391(a)(2). Having jurisdiction pursuant to 28 U.S.C. § 1331, and venue being proper in under 28 U.S.C. § 1391, the Western District of Tennessee had original jurisdiction as evidenced by the chronology of events and has continuously maintained jurisdiction over these proceedings. Accordingly, the interest of justice does not warrant a transfer and the matter must be dismissed.

### Williams has Not been Properly Served

The plain language of 9 U.S.C. § 9 mandates that an application for relief "shall be served by the marshall of any district within which the adverse party may be found." Here, Plaintiff served Defendant by private process server. See Doc. 4. Service of process is insufficient as a result of Plaintiff's failure to comply with the express language of 9 U.S.C. § 9. See Johnson v. Drake, No. 3:16-CV- 1993-L, 2017 WL 1173275, at *6 (N.D. Tex. Mar. 30, 2017) (". . . courts cannot simply disregard the plain language of 9 U.S.C. § 9 . . .").

### **CONCLUSION**

This Court does not have personal jurisdiction over Williams because he is not within reach of this Long-Arm Jurisdiction statute and has not otherwise established sufficient contacts with this state to give rise to general or specific jurisdiction. Additionally, Plaintiff has applied for relief in an improper judicial district and has failed to effect proper service. Accordingly, this matter should be dismissed and with prejudice as a court having jurisdiction, and being the proper venue, has already entered an Order

permitting Plaintiff to file a response to Williams' motion to confirm the award which the Plaintiff seeks to vacate in this Court.

<u>Dated September 27, 2018</u>.

Respectfully submitted,

*/s/ Amy E. Clark*
Amy E. Clark, Esquire
Texas Bar Number: 24043761
Amy Clark Law
Thanksgiving Tower
1601 Elm Street, 33rd Floor
Dallas. TX 75201
Phone: (512)850-5290
dallas@amyclarklaw.com

*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on September 27, 2018, a copy hereof was (is being) filed with the Clerk of Court via CM/ECF system, which will generate a Notice of Electronic Filing to all counsel of record, including:

**Michael A. Harvey**
**Nolan C. Knight**
**Christopher M. Jordan**
**MUNSCH HARDT KOPF & HARR**
**700 Milam, Ste. 2700**
**Houston, TX 77002**
**E-Mail: mharvey@munsch.com**
**E-mail: nknight@munsch.com**
**E-mail: cjordan@munsch.com**

/s/ Amy E. Clark
**AMY E. CLARK, ESQ.**
Texas Bar No.: 24043761
*Certifying Attorney*