EXHIBIT E

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**JOHNNIE WILLIAMS, JR.,**

    Movant,

vs.                                                   CASE NO.: 2:17-cv-02052-JTF-cgc

**CONN APPLIANCES, INC.**

    Respondent.

_____/

## MOTION TO CONFIRM ARBITRATION AWARD

Movant, JOHNNIE WILLIAMS, JR., by and through the undersigned counsel, respectfully requests an order confirming a Final Award from the American Arbitration Association in an arbitration captioned *Johnnie Williams, Jr. v. Conn Appliances, Inc.*, Case No.: 01-17-0001-5149. In support of his Motion, Johnnie Williams, Jr. shows as follows:

### I. THE ARBITRATION AWARD

1. Johnnie Williams, Jr. entered into Retail Installment Contract and Security Agreements with Conn's on August 31, 2015 and November 29, 2015 for the purchase of electronics and home furnishings. (Exhibit A, Award, ¶ 1.)

2. Beginning March of 2016, Mr. Williams defaulted on his obligations to Conn Appliances, Inc., who began placing telephone calls to Mr. Williams. (Exhibit A, Award, ¶ 2.)

3. Conn's made calls to Mr. William's cell phone using an Automatic Telephone Dialing System (ATDS.) (Exhibit A, Award, ¶ 5.)

4. Mr. Williams revoked his consent to calls from Conn's on or about October 14, 2016. (Exhibit A, Award, ¶ 6.)

5. Following a two-day in-person arbitration hearing, Arbitrator Davis Harris found that Conn Appliances Inc. violated the Telephone Consumer Protection Act (TCPA) as to a total of 431 calls it placed to Mr. Williams after October 14, 2016. (Exhibit A, Award, ¶ 7.)

6. Arbitrator Harris awarded $500 per call for each of the 431 calls placed to Mr. Williams after October 14, 2016. (Exhibit A, Award, ¶ 7.)

7. Arbitrator Harris therefore awarded Mr. Williams a total amount of $215,500, with the administrative fee of the AAA and the compensation of the arbitrator to each be borne as incurred. (Exhibit A, Award, ¶¶ 8-9.)

8. Arbitrator Harris gave Conn Appliances, Inc. thirty (30) days from the date of the Award (September 4, 2018) to deliver the awarded funds to Mr. Williams. (Exhibit A, Award, ¶ 10.)

## II.   THIS COURT MUST CONFIRM THE ARBITRATION AWARD

9. The Federal Arbitration Act (FAA) governs this matter as the FAA applies to any arbitration agreement in a contract "evidencing a transaction involving commerce," which is defined as a "commerce among the several States." 9 U.S.C. §§ 1-2. Here, the retail installment contract is a contract between Conn Appliances, Inc., a Texas Corporation, and Mr. Williams, an individual residing in Tennessee. (Exhibit B, the Retail Installment Contract.)

10. Pursuant to Section 9 of the FAA, "[i]f the parties in the agreement have agreed that a judgement of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court *must* grant such an order unless the award is vacated, modified or corrected as prescribed in Section 10 and 11 of this title." 9 U.S.C. § 9 (emphasis added).

11. In pertinent part, the RISC states the following:

> ARBITRATION CLAUSE . . . Arbitration shall be by the American Arbitration Association ("AAA"). The AAA will apply its consumer rules in effect when the claim is filed,
> …
> Any arbitration hearing will take place near your residence. This arbitration clause shall be governed by the Federal Arbitration Act, and not by any state law that might otherwise apply. Judgment on the award may be entered in any court with jurisdiction.

12. A true and correct copy of the RISC is attached as Exhibit B.

13. The RISC specifically provides that "judgment on the award may be entered by any court with jurisdiction." (Exhibit B, p. 2.)

14. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because the only claim in the Arbitration arises under a federal statute, namely the Telephone Consumer Protection Act (TCPA).

15. Venue is proper in this Court because the award was made in Memphis, Tennessee and movant resides in this jurisdiction (Cordova, Tennessee).

16. Notably, Mr. Williams originally filed his Complaint [Doc. 1] against Conn's on January 26, 2017. However, upon receipt of the Retail Installment Contract, Mr. Williams voluntarily dismissed his Complaint without prejudice in favor of arbitration [Doc. 10] on March 3, 2017.

17. There are no grounds for vacating, modifying, or correcting the Final Award.

18. Accordingly, this Court must confirm the Award and enter judgment in favor of Johnnie Williams, Jr. *See* 9 U.S.C. § 9 (providing "the court must grant" a motion to confirm an arbitration award "unless the award is vacated, modified, or corrected as prescribed in Section 10 and 11 of this title.").

WHEREFORE, Movant JOHNNIE WILLIAMS, JR. respectfully requests that this Court confirm the Final Award and enter judgment in his favor.

Dated this 4th day of September, 2018.

> Respectfully Submitted,
>
> /s/ *Frank H. Kerney, III*
> Frank H. Kerney, III, Esquire
> BPR No.: 035859
> Morgan & Morgan, Tampa, P.A.
> One Tampa City Center
> 201 N. Franklin Street, 7th Floor
> Tampa, FL 33602
> T: (813) 223-5505
> F: (813) 223-5402
> FKerney@forthepeople.com
> SHill@forthepeople.com
> KZhang@forthepeople.com
> Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of September, 2018, a true and correct copy of the foregoing was filed via the Court's CM/ECF system, furthermore, true and correct copies of the foregoing have been emailed and mailed upon the following parties who are not currently receiving CM/ECF notifications:

Stefanie H. Jackman, Esquire
jackmans@ballardspahr.com
Daniel L. Dinero, Esquire
delnerod@ballardspahr.com
Ballard Spahr LLP
999 Peachtree St., Suite 1000
Atlanta, GA 30309
Tele: 678-420-9300
Fax: 678-420-9301
*Counsel for Conn Appliances, Inc.*

Eric J. Troutman, Esquire
Eric.Troutman@wbd-us.com
Womble Bond Dickinson (US) LLP

3200 Park Center Dr.,Suite 700
Costa Mesa, CA 92626
Tele: 657-266-1043
*Counsel for Conn Appliances, Inc.*

                                                          */s/ Frank H. Kerney, III*_____
                                                          Frank H. Kerney, III, Esquire
                                                          Counsel for Plaintiff/Claimant