UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

**CONN APPLIANCES, INC.**,

    Plaintiff,   Case No.: **4:18-cv-03087**

v.

**JOHNNIE F. WILLIAMS, JR.**,

    Defendant.
_____/

## DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND FOR IMPROPER VENUE

Defendant, JOHNNIE F. WILLIAMS, JR. (herein "Defendant" or "Williams"), by and through undersigned counsel, hereby files this Reply in Support of his Motion to Dismiss for Lack of Personal Jurisdiction and for Improper Venue [Doc. 6] and, in support thereof, states as follows:

Plaintiff's Response in Opposition to Defendant's Motion to Dismiss does little to support their contention that this Court has personal jurisdiction over Plaintiff or that the Southern District of Texas is otherwise the proper venue for Plaintiff to bring their motion to vacate. Throughout its Response, Plaintiff attempts to improperly shift the burden of proving personal jurisdiction to Defendant all the while Plaintiff has failed to establish even the "minimum contacts" required for this Court to exercise such jurisdiction.

Further, Plaintiff inexplicably contends that the present matter is an "enforcement action" against a Texas citizen while also failing to recognize that this matter is only before this Court pursuant to its own Motion to Vacate. To date, Defendant has made no such efforts to enforce the arbitration award before this Court. Rather, Defendant has

1

only moved to confirm the arbitration award before the Western District of Tennessee – where this matter was originally filed, giving the Western District original and continuing jurisdiction over this matter and the confirmation/vacation of the arbitration award.

As previously detailed in Defendant's Motion to Dismiss [Doc. 6] and as further detailed below, this Court cannot exercise personal jurisdiction over Defendant, the Southern District of Texas is not the proper venue, and Defendant's Motion to Dismiss must be granted.

### ARGUMENT & LEGAL AUTHORITY

**Plaintiff has failed to prove Defendant's "minimum contacts" sufficient for this Court to exercise Personal Jurisdiction**

As this Court has noted previously, "[w]here a defendant challenges personal jurisdiction, the party seeking to invoke the power of the court bears the burden of proving that jurisdiction exists." *J.D. Fields, Inc. v. Indep. Enterprises, Inc.*, No. 4:12-cv-2605, 2012 WL 5818229, at *1 (S.D. Tex. Nov. 13, 2012) quoting *Luv N' care, Ltd. v. Insta-Mix, Inc.*, 438 F. 3d 465, 469 (5th Cir. 2006). Further, this Court may only assert jurisdiction if: "(1) the state's long arm-statute applies, as interpreted by the state's court; and (2) if due process is satisfied under the fourteenth amendment to the United States Constitution." *Id*. citing *Cycles, Ltd. v. W.J. Digby, Inc.*, 889 F. 2d 612, 616 (5th Cir. 1989).

Much of Plaintiff's Response in Opposition focuses on Defendant's alleged contacts with Plaintiff, a resident of Texas. While Defendant does not dispute that Plaintiff is headquartered in Texas, this alone does satisfy "due process," which "requires a showing that the nonresident defendant has ***purposefully*** established 'minimum contacts' with Texas and that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" (emphasis added). *Id*. citing *Int'l Shoe Co.*

2

*v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945).  "Under the minimum contacts analysis, [courts] must determine whether the nonresident defendant has purposely availed itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of the state's laws."  *Id.* quoting *Experimental Aircraft Ass'n, Inc. v. Doctor*, 76 S.W. 3d 496, 504 (Tex. App. 2002).

Plaintiff contends that because Defendant is "seeking to enforce an arbitration Award against a Texas resident", Mr. Williams has created sufficient contacts such that he should reasonably anticipate being haled into court in Texas.  This statement is blatantly incorrect on its face.  First, the only reason this matter is before the Court at this time is the result of Plaintiff's filing of a Motion to Vacate the arbitration award – not Defendant's efforts to confirm the award.  Further, Plaintiff chooses to give zero consideration to the underlying factual circumstances that led to Plaintiff being found liable for violations of the TCPA in the first place (which Defendant will address further below) and attempts to improperly shift the burden to the Defendant.  Regardless, even if such statement were taken as true (which it clearly is not), such "contacts" are otherwise insignificant and hardly sufficient to satisfy the "minimum contacts" prong of the specific personal jurisdiction test.

In *J.D. Fields, Inc. v. Independent Enterprises, Inc.*, this Court was tasked with ruling on the Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and for Improper Venue.  In that case, the plaintiff and defendant filed competing breach of contract claims in two different courts – defendant filed in Pennsylvania, while Plaintiff filed in Texas. The defendant subsequently filed a motion to dismiss for lack of personal jurisdiction and for improper venue.  While a number of transactions were conducted in Houston, Texas, this Court ultimately granted the defendant's motion in part because

3

"making payments, opening a line of credit, and/or communicating with Plaintiff's Texas office are not sufficient actions to establish specific jurisdiction." *Id.*, at *2; see also *Freudensprung v. Offshore Technical Services, Inc.*, 379 F. 3d 327, 344 (5th Cir. 2004) ("combination of mailing payments to the forum state, engaging in communications related to the … contract, and the existence of a contract between the nonresident defendant a resident of the forum are insufficient to establish the minimum contacts"); *Ranger Steel Services, L.P. v. Orleans Materials & Equip. Co., Inc.* CIV A. H-09-3111, 2010 WL 173543 (S.D. Tex. Jan. 14, 2010) ("mere obligation to make payments to a Texas resident is not sufficient to establish proper venue"); *Sysinformation, Inc. v. Prof"l Healthcare Billing Services*, A-09-CA-619-SS, 2009 WL 4640272 (W.D. Tex. Nov. 30, 2009) ("mere mailing of payments is not sufficient to establish either personal jurisdiction or proper venue").

In the present matter, Defendant has hardly taken any such actions such that he has availed himself to the jurisdiction of this Court or that he should otherwise "reasonably anticipate" being haled into court in Texas. Even taking Plaintiff's argument on its face that this enforcement action is factually and procedurally distinguishable from the matter resolved at arbitration, Defendant has taken no such action before this Court to otherwise enforce the arbitration award. Rather, as stated previously, the present matter was initiated by Plaintiff's Motion to Vacate the Arbitration Award [Doc. 1]. As such, Plaintiff cannot point to a single action taken by Defendant that can establish the "minimum contacts" necessary such that Defendant could reasonably anticipate being haled into court in Texas.

If the Court were to consider the underlying circumstances that led to the initial lawsuit being filed in the Western District in Tennessee on January 26, 2017 as detailed

in Defendant's Motion to Dismiss [Doc. 6], Plaintiff is still unable to establish the "minimum contacts" necessary to exercise specific personal jurisdiction over Defendant. As stated previously, Mr. Williams was and has remained a resident of Tennessee since signing the Retail Installment Sales Contract (RISC) with Plaintiff on November 29, 2015. The RISC was entered into by the parties in-person at Plaintiff's retail location in Memphis, Tennessee. The RISC itself states that it is to be governed by the applicable laws of the Federal government and the state of Tennessee. All of the calls from Plaintiff (which, according to Plaintiff's Response in Opposition, may or may not have been initiated in Texas[1]) were either 800 numbers or 901 numbers (a Tennessee area code) and received by Defendant while in Tennessee. Aside from Plaintiff having its corporate headquarters located in Texas (which there is no evidence in the record Mr. Williams was ever aware of such fact) and the automated calls being made from its Texas-based call center (or some other locales outside of Tennessee, apparently), there is absolutely no other connection to Texas and this Court. As the record shows, Defendant never took any actions to establish the contacts sufficient such that he could reasonably foresee being haled into a Texas court. If Plaintiff's argument were to be accepted, anytime a consumer anywhere in the country entered into a contract with Plaintiff, the consumer could be forced into court in Texas. Clearly, a consumer should not have to deal with such a tremendous burden. Moreover, a huge publicly traded corporation like Conn Appliances has the resources to litigate matters in the venue where the consumer resides, purchased the items, and was present at all relevant times during the business relationship between the parties.

---

[1] See Plaintiff's Response in Opposition – "all calls 'transact[ed] back to [Conns] call centers[]' in Texas or other locales outside o[f] Tennessee." Doc. 15, p. 2, n. 2.

Based on the foregoing, and as supported by the record, Defendant's Motion to Dismiss must be granted as it is clear this Court does not have personal jurisdiction over Defendant.

**Venue is Not Proper in this Judicial District.**

Beyond the fact that this matter was originally filed with the Western District of Tennessee and the Western District of Tennessee has continued to retain jurisdiction over this matter – up to and including the enforcement of the arbitration award,[2] venue is not proper under 28 U.S.C. § 1391.

As this Court noted in *J.D. Fields, Inc.*, "[o]nce a defendant raises the issue of proper venue by motion, the burden of proof is placed upon the plaintiff to sustain venue." *Id.*, at *8 citing *Seariver Maritime Fin. Holdings, Inc. v. Pena*, 952 F. Supp. 455, 458 (S.D. Tex. 1996). Here, Plaintiff simply cannot sustain venue as Defendant does not meet any of the requirements stated in the federal venue statute, 28 U.S.C. § 1391(b). "Section 1391(b)(1) provides for venue based upon the residence of the defendant[]." *Id*. Here, similar to the defendant in *J.D. Fields*, the record is clear that Defendant is not a resident of Texas and has at all material times hereto resided in Tennessee.

"Section 1391(b)(2) sets forth the so-called "transactional" basis for venue. This provision enables a Plaintiff to bring suit in the place where a 'substantial part of the events or omissions giving rise to the claim occurred.'" *Id*. citing 28 U.S.C. § 1391(a)(2). Similar to *J.D. Fields* wherein this Court found that "extending the credit line and asking for payment" was not sufficient to find venue proper, the same can be said in the present matter. The only possible connection to this Court is that the automated calls from

---

[2] See *Collins v. D.R. Horton, Inc.*, 361 F. Supp. 2d 1085, 1091 (D. Ariz. 2005), aff'd 505 F. 3d (9th Cir. 2007) (while the court dismissed Plaintiffs' claims in favor of arbitration, it retained jurisdiction with respect to any subsequent motions to confirm or vacate).

Plaintiff may have originated in Texas (or some other locale outside of Tennessee). Aside from the origination of these calls (which notably were <u>not</u> made utilizing a Texas-based area code), all other actions giving rise to the claim took place in Tennessee. As detailed above, the parties entered into the RISC in Tennessee, Defendant received the calls while in Tennessee, Defendant filed his original Complaint in Tennessee, and the arbitration hearing was held in Tennessee. Accordingly, it can hardly be stated that a "substantial part" of the events giving rise to the claim occurred in Texas.

Lastly, Section 1391(b)(3) provides a basis for venue if the Defendant is subject to the court's personal jurisdiction. For the reasons detailed previously in Defendant's Motion to Dismiss and further outlined herein, the record is clear that this court cannot exercise personal jurisdiction over Defendant.

## **CONCLUSION**

Based on the foregoing and as previously detailed in Defendant's Motion to Dismiss, the evidence is clear that this Court does not have personal jurisdiction over Mr. Williams. He is not within reach of this Long-Arm Jurisdiction statute and has not otherwise established sufficient contacts with this state to give rise to general or specific jurisdiction. Moreover, there is no basis for plaintiff to sustain venue. Accordingly, this matter should be dismissed and the parties should be permitted to proceed forward before the Western District of Tennessee wherein Defendant currently has a Motion to Confirm the Arbitration Award pending.

<u>Dated October 25, 2018</u>.

                                        Respectfully submitted,

                                        <u>*/s/   Shaughn C. Hill*</u>
                                        Shaughn C. Hill, Esquire

Florida Bar No.: 0105998
MORGAN & MORGAN, TAMPA, P.A.
One Tampa City Center
201 N. Franklin Street, Suite 700
Tampa, FL 33602
Telephone:  (813) 223-5505
Facsimile:  (813) 223-5402
SHill@forthepeople.com
KZhang@forthepeople.com

*Counsel for Defendant*
*Admitted Pro Hac Vice*

**and**


*/s/   Amy E. Clark*
Amy E. Clark, Esquire
Texas Bar Number: 24043761
Amy Clark Law
Thanksgiving Tower
1601 Elm Street, 33rd Floor
Dallas. TX 75201
Phone: (512)850-5290
dallas@amyclarklaw.com

*Local Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on October 25, 2018, a copy hereof was (is being) filed with the Clerk of Court via CM/ECF system, which will generate a Notice of Electronic Filing to all counsel of record, including:

**Michael A. Harvey**
**Nolan C. Knight**
**Christopher M. Jordan**
**MUNSCH HARDT KOPF & HARR**
**700 Milam, Ste. 2700**
**Houston, TX 77002**
**E-Mail:  mharvey@munsch.com**
**E-mail:  nknight@munsch.com**
**E-mail:  cjordan@munsch.com**

*/s/ Shaughn C. Hill*
**SHAUGHN C. HILL, ESQ.**
Florida Bar No.:  0105998
*Certifying Attorney*